**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **COREY D. SMITH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-21-822-R** |
| | ) | |
| **S.R. GRANT,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Corey D. Smith, a federal prisoner proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1). United States District Judge David L. Russell has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). On initial review, the Court should **DISMISS** the case for lack of jurisdiction.

I.     **SCREENING REQUIREMENT**

The Court is required to review habeas petitions promptly and to "summarily dismiss [a] petition without ordering a responsive pleading," *Mayle v. Felix*, 545 U.S. 644, 656 (2005), "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* R. 4, R. Governing § 2254 Cases in U.S. Dist. Ct.[1]

---

[1] The district court may apply any or all" of the Rules governing § 2254 cases to a habeas petition brought under § 2241. R. 1(b), R. Governing § 2254 Cases in U.S. Dist. Ct.

## II.    BACKGROUND

On December 10, 2018, Mr. Smith plead guilty to a violation of 18 U.S.C. §§ 1028(a)(3) & 1028A(a)(1) in the Northern District of Mississippi, in Case No. 18-CR-00077-GHD-RP. *See* ECF No. 26, *United States v. Smith*, Case No. 18-CR-00077-GHD-RP (N.D. Miss. Dec. 10, 2018).[2] Judgment was entered on April 18, 2019. *See* ECF No. 43, *United States v. Smith*, Case No. 18-CR-00077-GHD-RP (N.D. Miss. April 18, 2019). The Fifth Circuit Court of Appeals affirmed the conviction on direct appeal on March 12, 2020. *See United States v. Smith*, Case No. 19-60340 (5th Cir. Mar. 12, 2020). On February 26, 2021, Mr. Smith filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in his criminal case, and then twice amended the motion—on April 6 & 12, 2021. *See* ECF Nos. 58, 60, & 61, *United States v. Smith*, Case No. 18-CR-00077-GHD-RP (N.D. Miss. Feb. 26, 2021, April 6 & 12, 2021). The Northern District of Mississippi has not ruled on the § 2255 Motion. *See docket sheet*, *United States v. Smith*, Case No. 18-CR-00077-GHD-RP (N.D. Miss.).

On August 20, 2021, Mr. Smith filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in this Court, challenging the legality of his conviction. (ECF No. 1).

---

[2]  The Court may take judicial notice of the criminal case. *See St. Louis Baptist Temple, Inc. v. Federal Deposit Insurance Corporation*, 605 F.2d 1169 (10th Cir. 1979) ("Further, it has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

## III.   DISMISSAL OF THE PETITION

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). In the instant action, Mr. Smith has alleged four grounds for relief, all of which challenge the legality of his conviction. In Ground One, he alleged the officer lacked reasonable suspicion to conduct the traffic stop which led to his arrest and ultimate conviction. (ECF No. 1:7). In Ground Two, he alleges that police officials failed to obtain a warrant prior to searching his vehicle, which ultimately led to his arrest and conviction. (ECF No. 1:7).  In Ground Three, Petitioner challenges the sufficiency of the criminal indictment filed against him. (ECF No. 1:7-8). And in Ground Four, Petitioner challenges the sufficiency of the evidence to support the conviction. (ECF No. 1:8).

Generally, a federal prisoner seeking to challenge his conviction or sentence may do so by seeking a writ of habeas corpus exclusively through 28 U.S.C. § 2255(a). *See Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011) ("Congress has told us that federal prisoners challenging the validity of their convictions or sentences may seek and win relief *only* under the pathways prescribed by § 2255." (emphasis added)). The lone exception to § 2255(a)'s exclusivity is found in § 2255(e), known as "the savings clause," providing that a federal prisoner may challenge his conviction or sentence by other means if his remedy under § 2255 is inadequate or ineffective.

Specifically, the savings clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Under this provision, "a federal prisoner may resort to § 2241 to contest his conviction if but only if the § 2255 remedial mechanism is 'inadequate or ineffective to test the legality of his detention.' " *Prost v. Anderson*, 636 F.3d at 580 (quoting § 2255(e)). Notably, it is the petitioner's burden to show the § 2255 remedy is inadequate or ineffective. *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999); *see also Abernathy v. Wandes*, 713 F.3d 538, 549 (10th Cir. 2013) ("It is [the petitioner's] burden to show that he meets § 2255(e)'s savings clause."). In doing so, "[t]he relevant measure, … is whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion. If the answer is yes, then the petitioner may not resort to the savings clause and § 2241." *Prost v. Anderson*, 636 F.3d at 584.

Here, Mr. Smith acknowledges the § 2255 motion which is currently pending before the Northern District of Mississippi, but argues that Section 2255 is inadequate or ineffective because in this Petition, he "is challenging the manner in which he was sentenced." (ECF No. 1:4,5). However, as explained, all four of Petitioner's grounds for relief challenge the legality of his conviction, not the manner in which his sentence is being executed. *See supra*. Furthermore, Mr. Smith raised all four of his habeas grounds

in the § 2255 motion. *Compare* ECF No. 1 with ECF No. 61, *United States v. Smith*, Case No. 18-CR-00077-GHD-RP (N.D. Miss. Feb. April 12, 2021). As a result, the Court should: (1) conclude that Section 2255 is not "inadequate or ineffective" and (2) dismiss the Petition for lack of jurisdiction. *See Winkles v. No Named Respondent*, No. 14-cv-00974-BNB, 2014 WL 3562993, at *4 (D. Colo. July 17, 2014) ("Thus, the remedy available pursuant to § 2255 is not inadequate or ineffective at this point because the Ninth Circuit is simultaneously considering the underlying § 2255 proceedings."); *Williams v. Copenhaver,* No. 12–cv–01356–LJO–BAM, 2012 WL 3834847, at *3 (E.D. Cal. Sept. 4, 2012) (Section 2255 not inadequate and ineffective where petitioner currently had three appeals pending at the appellate court all dealing with the same challenges raised in the instant petition); *Abernathy v. Wandes*, 713 F.3d at 557 ("when a federal petitioner fails to establish that he has satisfied § 2255(e)'s savings clause test—thus, precluding him from proceeding under § 2241—the court lacks statutory jurisdiction to hear his habeas claims.").

## IV.    RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Based upon the foregoing analysis, it is recommended that the Petition **(ECF No. 1)** be **DISMISSED** for lack of jurisdiction.

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **October 14, 2021**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review

of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## V.    STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on September 27, 2021.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE